[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE 
The plaintiff seeks to recover a balance due on an open account for materials delivered to the defendant Birmingham Construction Services Company, Inc. These deliveries were made pursuant to a credit agreement CT Page 2295 (Exhibit A) dated July 29, 1991. The defendant David Cassetti signed that agreement as a guarantor, at which time he was a principal in the corporation.
On October 24, 1995, Cassetti entered into an agreement with the other principal, one Michael Kane, calling for him to convey his stock to Kane. The plaintiff is listed in a schedule attached to the agreement (Exhibit 6) as a creditor of the corporation.
Cassetti never revoked the guaranty and never advised the plaintiff of his withdrawal from the corporation.
 DISCUSSION I
The defendant corporation has never appeared in this action though a prejudgment remedy was granted against it on two occasions. Nor has the corporation ever been defaulted.
Therefore, the first two counts of the complaint involving the corporation are dismissed for the plaintiff's failure to prosecute.
 II A. The remaining pleadings are also in a state of disarray. Two of the three counts directed against Mr. Cassetti are actually duplications and counts four and five are dismissed. The defendant Cassetti's answers and special defenses were not all re-pleaded after the filing of the amended complaint. Similarly, the defendants counter-claim was not re-pleaded.
However, the court will consider all of the issues raised since they are at least touched upon in the briefs.
B. The counterclaim is dismissed as no evidence was offered to support it.
 III A. The defendant argues that the court should look to the intention of the parties for the duration of the guaranty. The guaranty in question has no termination date, but gives the guarantor, this defendant, the right of revocation. He chose not to exercise that right, even though he sold his shares in 1995, four years after executing the guaranty, and a schedule attached to his stock sale agreement listed the plaintiff as a creditor of the company from which was withdrawing. CT Page 2296
The defendant's reliance on Monroe Ready Mix Concrete, Inc. v. WestcorDevelopment Corporation, 183 Conn. 348 (1981), is misplaced. In that case there was a three year period within which no credit was extended. In this case, credit was extended continuously for the seven year period in dispute.
The fact that the plaintiff did not review the guaranty each time it extended credit is of no moment. Such guaranty clauses are usually in repose until they are resorted to in case of a default.
B. The defendant also argues that the plaintiff had the obligation to mitigate its damages, once it learned the defendant and his partner were splitting up. As the court views this claim, the plaintiff should have taken steps to inform Mr. Cassetti of his exposure and suggest he revoke his guaranty. This theory borders on the frivolous.
Support for this argument is premised on the fact that an employee of Suzio was alleged to have known that Cassetti had left Birmingham. Even if this were true, it would impose no duty on Suzio or the employee to protect Cassetti. The employee testified that he spoke to Mr. Kane who told him he and his partner were splitting up, but he didn't know Cassetti was the partner.
C. The defendant's final claim is that his liability is limited to $5,000 because the credit agreement states:
"Monthly credit limit required: $5,000." The figure of $5,000 was inserted by Cassetti who now claims he understood this to be the limit of his liability. He wants the court to resolve the ambiguity of that language in his favor. However, there is no ambiguity to resolve. The language clearly sets forth what the credit applicant anticipates his needs will be. The date is for his benefit and in effect he is saying "I anticipate needing $5,000 a month in credit."
It would be ironic, to say the least, to permit the defendant to now say that he asked for and got in excess of $5,000 but is not liable because he only expected to need $5,000 when he signed the agreement.
 CONCLUSION
The court concludes that the defendant is indebted to the plaintiff in the amount of $9,562.56 for materials supplied under the credit agreement.
Pre-judgment interest is allowed from November 11, 1999 (the date of CT Page 2297 service, no proof of demand made) to February 27, 2002 (date of judgment) at 1 1/2 % per month: $3,944.52.
The plaintiff also seeks its attorney's fees in accordance with the agreement. The court finds the hourly rate reasonable and the time sheet computation appropriate. While this results in a substantial additional award, it was the defendant who chose to litigate in a "fight to the finish" without the semblance of a valid defense available. The requested sum is found reasonable. The defendant may request a hearing to contest this award by post judgment motion filed no later than ten days from date.
Judgment may therefore enter for:
Principal sum $9,562.56
Interest 3,944.52
 Attorney's fee 8,467.00 __________ Total $21,974.08
The plaintiff is also entitled to its taxable costs.
Anthony V. DeMayo Judge Trial Referee